UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

KAMILAH BROCK,

                              Plaintiff,

                - against -

THE CITY OF NEW YORK, NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, HARLEM HOSPITAL, DR. ELISABETH LESCOUFLAIR, Individually and in her official capacity, DR. ZANA DOBROSHI, Individually and in her official capacity, DR. ALAN DUDLEY LABOR, Individually and in his official capacity, and NEW YORK CITY POLICE OFFICERS "JOHN DOE" 1-3, Individually and in their official capacity, the name John Doe being fictitious as the real names are not presently known,

                              Defendants.

**ANSWER TO THE COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK, ZANA DOBROSHI, ALAN DUDLEY LABOR, AND ELISABETH LESCOUFLAIR**

15 Civ. 1832 (VSB)

JURY TRIAL DEMANDED

------------------------------------------------------------------------ x

       Defendants City of New York New York City Health and Hospitals Corporation, Harlem Hospital, Elisabeth Lescouflair, Zana Dobroshi, and Alan Dudley Labor, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to the Complaint, respectfully alleges, upon information and belief, as follows:

       1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

       2.     Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to invoke the jurisdiction as stated therein.

       3.     Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the jurisdiction as stated therein.

   4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to lay venue as stated therein.

   5. Paragraph "5" states a demand for a jury trial for which no response is required.

   6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

   7. Deny the allegations set forth in paragraph "7" of the complaint, except states that the City is, and was on September 13, 2014, a municipal corporation incorporated under the laws of the State of New York.

   8. Deny the allegations set forth in paragraph "8" of the complaint, except states that the City of New York maintains the New York City Health and Hospitals Corporation ("NYCHHC"), and respectfully refers the Court and plaintiff to the Laws of the State of New York, the New York City Charter and the Administrative Code for a recitation of the relationship between the City and the NYCHHC.

   9. except states that the City of New York maintains the New York City Police Department ("NYPD"), and respectfully refers the Court and plaintiff to the New York City Charter and the Administrative Code for a recitation of the relationship between the City and the NYPD.

   10. Deny the allegations set forth in paragraph "10" of the complaint, except admit Harlem Hospital is part of NYCHHC.

   11. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

- 3 -

12. Deny the allegations set forth in paragraph "12" of the complaint, except admit Dobroshi, Lescouflair and Labor were employed by Harlem Hospital, and to the extent this paragraph sets forth legal conclusions, state no response is required.

13. Deny the allegations set forth in paragraph "13" of the complaint to the extent it alleges fact, and to the extent it sets forth conclusions of law, state no response is required.

14. Deny the allegations set forth in paragraph "14" of the complaint, to the extent it alleges fact, and to the extent it sets forth conclusions of law, state no response is required.

15. Deny the allegations set forth in paragraph "15" of the complaint, to the extent it alleges fact, and to the extent it sets forth conclusions of law, state no response is required.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint, except admit plaintiff went to Harlem Hospital.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint, except admit Dr. Lescouflair was an attending physician involved with plaintiff's treatment.

31. Deny the allegations set forth in paragraph "31" of the complaint, except admit Dr. Lescouflair, Dr. Dobroshi, and Dr. Labor were involved in plaintiff's treatment.

32. Deny the allegations set forth in paragraph "32" of the complaint, to the extent it alleges fact,  and to the extent it sets forth conclusions of law, state no response is required.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint

37. Deny the allegations set forth in paragraph "37" of the complaint

38. Deny the allegations set forth in paragraph "38" of the complaint

- 5 -

39. Deny the allegations set forth in paragraph "39" of the complaint

40. Deny the allegations set forth in paragraph "40" of the complaint

41. Deny the allegations set forth in paragraph "41" of the complaint

42. Deny the allegations set forth in paragraph "42" of the complaint

43. Deny the allegations set forth in paragraph "43" of the complaint

44. Deny the allegations set forth in paragraph "44" of the complaint, to the extent it alleges fact, and to the extent it sets forth conclusions of law, state no response is required

45. Deny the allegations set forth in paragraph "45" of the complaint, to the extent it alleges fact, and to the extent it sets forth conclusions of law, state no response is required

46. In response to paragraph "46" of the complaint, defendant repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. In response to paragraph "49" of the complaint, defendant repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. In response to paragraph "54" of the complaint, defendant repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. Deny the allegations set forth in paragraph "58" of the complaint and all its subparts.

59. Deny the allegations set forth in paragraph "59" of the complaint and all its subparts.

60. Deny the allegations set forth in paragraph "60" of the complaint.

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. Deny the allegations set forth in paragraph "62" of the complaint.

63. Deny the allegations set forth in paragraph "63" of the complaint.

64. Deny the allegations set forth in paragraph "64" of the complaint.

65. Deny the allegations set forth in paragraph "65" of the complaint.

66. Deny the allegations set forth in paragraph "66" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

67. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

68. Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision

thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

69. Any injury alleged to have been sustained resulted from plaintiff' own culpable or negligent conduct or that of a third party and was not the proximate result of any act of defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

70. There was probable cause to detain plaintiff.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

71. Plaintiff may have failed to comply with the conditions precedent to suit.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

72. Plaintiff cannot obtain punitive damages as against the City of New York.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

73. At all times relevant to the acts alleged in the complaint, defendant City, its agents and officials, acted reasonably, properly, lawfully and in good faith in the exercise of their discretion.  Consequently, defendant City of New York is entitled to governmental immunity.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

74. Plaintiff may have failed to comply with General Municipal Law §50 and, accordingly, any claims arising under the laws of the State of New York may be barred in whole or in part.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

75. Harlem Hospital is a non-suable entity.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

76. At all times relevant to the acts alleged in the complaint, defendants Dobroshi, Lescoflair and Labor acted reasonably in the proper and lawful exercise of his discretion.

**AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE:**

77. Defendant Dobroshi, Lescoflair and Labor has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, is protected by qualified immunity.

**WHEREFORE,** defendants City of New York New York City Health and Hospitals Corporation, Harlem Hospital, Elisabeth Lescouflair, Zana Dobroshi, and Alan Dudley Labor request judgment dismissing the Complaint, as against it, with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
           June 2, 2015

                    MICHAEL A. CARDOZO
                    Corporation Counsel of the
                    City of New York
                    *Attorney for Defendants*
                    100 Church Street, Room 3-172
                    New York, New York 10007
                    (212) 356-3538

By:     /s/
       Joshua J. Lax
       Senior Counsel

To:     Matthew Shroyer, Esq.
        80 Maiden Lane, 12th Floor
        New York, New York 10038

15 Civ. 1832 (VSB)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHER DISTRICT OF NEW YORK |
| KAMILAH BROCK,<br><br>                                                            Plaintiff,<br><br>- against -<br><br>THE CITY OF NEW YORK, NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, HARLEM HOSPITAL, DR. ELISABETH LESCOUFLAIR, Individually and in her official capacity, DR. ZANA DOBROSHI, Individually and in her official capacity, DR. ALAN DUDLEY LABOR, Individually and in his official capacity, and NEW YORK CITY POLICE OFFICERS "JOHN DOE" 1-3, Individually and in their official capacity, the name John Doe being fictitious as the real names are not presently known,<br><br>                                                            Defendants. |
| **ANSWER TO THE COMPLAINT** |
| *ZACHARY W. CARTER*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendant City of New York*<br>*100 Church Street*<br>*New York, N.Y.  10007*<br>*Of Counsel: Joshua J. Lax*<br>*Tel:  (212) 356-3538*<br>*NYCLIS NO.* |
| *Due and timely service is hereby administered.*<br><br>*New York, N.Y.  .......................................... ,2011*<br><br>*................................................................. Esq.*<br><br>*Attorney for ........................................................* |