UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------------

KAMILAH BROCK,


Plaintiff,


-against-                                                          **15-cv-1832 (VSB)**


THE CITY OF NEW YORK, NEW YORK CITY HEALTH AND
HOSPITALS CORPORATION, HARLEM HOSPITAL, DR.
ELISABETH LESCOUFLAIR, Individually and in her Official Capacity,
DR. ZANA DOBROSHI, Individually and in her Official Capacity, DR.
ALAN DUDLEY LABOR, Individually and in his Official Capacity,
and NEW YORK CITY POLICE OFFICERS "JOHN DOE" 1-3,
Individually and in their Official Capacities, the name John Doe being
fictitious as the real names are not presently known,


Defendants.

-------------------------------------------------------------------------------------


The parties write jointly in compliance with the Court's Order, as follows:


1.      A brief description of the nature of the action and the principal defenses thereto;

By plaintiff:

Plaintiff, a resident of Nassau County, alleges that on September 13, 2014 she attempted to retrieve the vehicle that had been seized from her on September 12, 2014 by NYPD Officers. Plaintiff arrived at the PSA 6 precinct in Harlem and informed the officers there that she was attempting to retrieve the BMW that was registered under her name. The officers responded with dismissive and condescending comments and questions. Plaintiff was told to wait in the lobby and she did. After approximately an hour, NYPD officers told plaintiff that they would take her to her car. Instead she was led to an ambulance and transported to Harlem Hospital. Plaintiff was injected with medication and detained against her will by defendant doctors at the hospital. Plaintiff underwent several psychiatric evaluations by doctors at Harlem Hospital, which is operated by the City of New York. Plaintiff's insistence that she had worked as a banker and, separately, that President Obama followed her on Twitter were cited as justification for the baseless accusation that plaintiff presented a risk to herself and/or others. Her admission that she often thought of her mother who had passed away was another focus of the defendant doctors named in this suit. Plaintiff never indicated any desire to harm herself or others or even that she had any thoughts about causing any harm to anyone. Plaintiff was held against her will at Harlem Hospital until September 22, 2014 and has been billed in excess of $13,000 as a result of her involuntary confinement.

By defendants:

Plaintiff was observed by police officers of PSA 6 acting irrational. She spoke incoherently and inconsistently, and she ran into the middle of traffic on Eighth Avenue. Plaintiff was taken to Harlem Hospital for evaluation pursuant to New York State Mental Hygiene Law § 9.41, which provides in pertinent part "[a]ny … police officer … may take into custody any person who appears to be mentally ill and is conducting himself in a manner which is likely to result in serious harm to himself or others." At the hospital, plaintiff was uncooperative, irritable, paranoid and hostile. Plaintiff gave conflicting accounts of what brought her into contact with the police. At the hospital plaintiff was evaluated as an Emotionally Disturbed Person. In addition, information was obtained about plaintiff from her family, and in fact, the family met with doctors regarding a plan for plaintiff after discharge. Plaintiff was put on medication to which she was amenable taking, and plaintiff was discharged the following Monday after she arrived at the hospital. Defendants deny any wrongful detention, or that any municipal policy or practice caused plaintiff's injuries, and respectfully refers the Court to defendants' answer for a recitation of defendants affirmative defenses.

2.      A brief explanation of why jurisdiction and venue lie in this Court. If any party is a corporation, the letter shall state both the place of incorporation and the principal place of business. If any party is a partnership, limited partnership, limited liability company or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners and/or trustees;

By plaintiff:

Jurisdiction is based on Federal Question jurisdiction as plaintiff's claims arise under 42 U.S.C. § 1983. Venue lies as the actions giving rise to plaintiff's claims took place in this district.

By defendant:

Defendant City of New York is a municipal corporation organized under the State of the New York, and maintains the Health and Hospitals Corporation.

3.  A brief description of all contemplated and/or outstanding motions;

Defendants contemplate a motion for summary judgment.

4.  A brief description of any discovery that has already taken place, and/or that which will be necessary for the parties to engage in meaningful settlement negotiations;

By defendants:

Plaintiff has provided releases and defendants continue to process those releases and gather

documents.  Defendants believe some paper discovery related to the defendants' notes in the medical records will be necessary to conduct meaningful negotiations.

5.  A brief description of prior settlement discussions (without disclosing the parties' offers or settlement positions) and the prospect of settlement;
By Defendants:

       The parties have discussed what steps they need to complete before settlement can be explored as set forth above.

6.  The estimated length of trial

    By defendants:

       Although difficult to estimate, based on the projected medical testimony, possibility of non-party witnesses and experts, defendants believe two weeks is a realistic estimate for trial.

7.       Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.

    None at this time