UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------------
KAMILAH BROCK,

Plaintiff,

-against-

THE CITY OF NEW YORK, NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, HARLEM HOSPITAL, DR. ELISABETH LESCOUFLAIR, Individually and in her Official Capacity, DR. ZANA DOBROSHI, Individually and in her Official Capacity, DR. ALAN DUDLEY LABOR, Individually and in his Official Capacity, and POLICE OFFICER SALVADOR DIAZ, Shield No. 21953, Individually and in his Official Capacity,

Defendants.
---------------------------------------------------------------------------------------

**AMENDED COMPLAINT**

**15 CV 1832 (VSB)**

JURY TRIAL DEMANDED

Plaintiff, KAMILAH BROCK, by and through her attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for her Complaint, respectfully alleges, upon information and belief:

**PRELIMINARY STATEMENT**

1. Plaintiff bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitution of the United States of America.

**JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

**VENUE**

4. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b),

in that this is the District in which the claim arose.

**JURY DEMAND**

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

6. Plaintiff, KAMILAH BROCK, is, and has been, at all relevant times, a resident of the State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, NEW YORK CITY HEALTH AND HOSPITALS CORPORATION ("NYCHHC") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

10. Defendant, NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, maintains HARLEM HOSPITAL, a duly authorized public hospital.

11. At all times hereinafter mentioned, POLICE OFFICER SALVADORE DIAZ, was a duly sworn police officer and was acting under the supervision of the NYPD and according to his official duties.

12. At all times hereinafter mentioned, the individually named defendant doctors were acting under the supervision of the NYCHHC and according to their official duties.

13. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the CITY OF NEW YORK and NYHHC.

14. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by either defendant, THE CITY OF NEW YORK or defendant NYHHC.

15. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendants, THE CITY OF NEW YORK and/or NYHHC.

**FACTS**

16. On or about September 13, 2014, at approximately 7:50 p.m., plaintiff KAMILAH BROCK, was lawfully present at the NYPD precinct at 2770 Fredrick Douglas Avenue in New York County in the State of New York.

17. Plaintiff, a resident of Nassau County, had arrived at that location seeking information on where to retrieve her motor vehicle which had been seized by NYPD officers the previous day.

18. Defendant Diaz did not provide plaintiff with any guidance, but rather with insults, condescension, and disbelief that she owned a BMW.

19. Plaintiff left the building in accordance with the officers' instructions and waited as Defendant Officer Diaz indicated he would get information to help her.

20. Instead, Defendant Officer Diaz approached plaintiff, handcuffed her arms behind her back, and escorted her into an ambulance that he had called.

21. Defendant Diaz indicated to the medical personnel present that plaintiff should be

designated an "emotionally disturbed person."

22. At no time on or about September 13, 2014 did plaintiff commit any crime or violation of law.

23. At no time on or about September 13, 2014 did defendants possess probable cause to arrest plaintiff.

24. At no time on or about September 13, 2014 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

25. At no time on or about September 13, 2014 did plaintiff present a danger to herself or any other individual or property.

26. Nevertheless, plaintiff was transported to HARLEM HOSPITAL.

27. Upon her arrival, while handcuffed to a gurney, plaintiff indicated that she was not in need of mental health treatment.

28. Defendants responded by injecting plaintiff with prescription medication without her consent.

29. Plaintiff was then admitted to the hospital without her consent.

30. DR. ELISABETH LESCOUFLAIR was designated plaintiff's attending physician.

31. DRs. ELISABETH LESCOUFLAIR, ZANA DOBROSHI, and ALAN DUDLEY LABOR all conducted psychological evaluations of the plaintiff.

32. All three doctors issued reports and/or recommendations that were the direct cause of plaintiff's continued confinement at HARLEM HOSPITAL.

33. As a result of the defendants' conduct, plaintiff remained confined to HARLEM HOSPITAL, against her will, until her release at approximately 4:30 p.m. on September 22, 2014.

34. As a result of the defendants' conduct, plaintiff received a bill for $13,637.10.

35. During her confinement, plaintiff was treated with medications that she did not want

and did not consent to.

36. At no time did plaintiff present a threat to her safety or the safety of any other individual.

37. At no time did defendants possess the authority or privilege to keep plaintiff confined against her will.

38. Defendants' assessments of plaintiff's mental health status deviated from appropriate and accepted standards of care.

39. Defendants failed in exercising the appropriate level of medical judgment.

40. As a result of the foregoing, plaintiff KAMILAH BROCK sustained, *inter alia*, an unwanted and unwarranted intrusion on her personal integrity, loss of liberty, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of her constitutional rights.

41. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

42. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. §1983.

43. The acts complained of were carried out by the aforementioned individual defendants in their official capacities with all the actual and/or apparent authority attendant thereto.

44. The acts complained of were carried out by the aforementioned individual defendants in their official capacities pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and NYCHHC, all under the supervision of ranking officers of said department.

45. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective

municipality/authority, which is forbidden by the Constitution of the United States.

**FIRST CLAIM FOR RELIEF FOR FALSE IMPRISONMENT UNDER 42 U.S.C. § 1983**

46. Plaintiff KAMILAH BROCK repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

47. As a result of the defendants' conduct, plaintiff was subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without probable cause, privilege, or consent.

48. As a result of the foregoing, plaintiff's liberty was restricted, she was put in fear for her safety, and she was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

**SECOND CLAIM FOR RELIEF FOR VIOLATION OF DUE PROCESS UNDER 42 U.S.C. § 1983**

49. Plaintiff KAMILAH BROCK repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

50. The decision to restrict plaintiff's liberty and hold her against her will was not made in accordance with a standard that promised a reasonable degree of medical accuracy.

51. The decision to medicate plaintiff against her will was not made in accordance with a standard that promised a reasonable degree of medical accuracy.

52. Defendants' decision to hold and medicate plaintiff was objectively unreasonable and fell substantially below generally accepted medical standards so as to deprive her of due process of law.

53. As a result of the foregoing, plaintiff's liberty was restricted, she was put in fear for her safety, and she was humiliated and subjected to handcuffing and other physical restraints,

without probable cause.

**THIRD CLAIM FOR RELIEF**
**FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983**

54. Plaintiff, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

55. Defendants confined plaintiff KAMILAH BROCK, in the absence of justification or privilege, notwithstanding their knowledge that said confinement would jeopardize plaintiff's liberty, well-being, safety, and violate her constitutional rights.

56. The acts complained of were carried out by the aforementioned individual defendants in their capacities as officials of the CITY OF NEW YORK and NYCHHC, with all the actual and/or apparent authority attendant thereto.

57. The acts complained of were carried out by the aforementioned individual defendants in their official capacities pursuant to the customs, policies, usages, practices, procedures, and rules of CITY OF NEW YORK and NYCHHC, all under the supervision of ranking officers.

58. Those customs, policies, patterns, and practices include, but are not limited to:

i. failing to properly train psychiatrists;

ii. incentivizing unnecessary treatments and services.

59. The aforesaid customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and NYCHHC directly cause, *inter alia*, the following unconstitutional practices:

i. holding individuals against their will without just cause or proper medical justification.

60. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and NYCHHC constitute a deliberate indifference to the safety, well-being and constitutional rights of plaintiff, KAMILAH BROCK.

61. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and NYCHHC were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

62. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and NYCHHC were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

63. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and NYCHHC, plaintiff was placed under arrest unlawfully.

64. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

65. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate individuals, and were directly responsible for the violation of plaintiff's constitutional rights.

66. All of the foregoing acts by defendants deprived plaintiff of federally protected constitutional rights, particularly her Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

i. an order awarding compensatory damages in an amount to be determined at trial;

ii. an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
March 11, 2016

Respectfully submitted,

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Counsel for the Plaintiff*

/s/
By: JESSICA MASSIMI (JM-2920)
32 Old Slip, 8th Floor
New York, New York 10005
(212) 962-1020