UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

KAMILAH BROCK,

                                        Plaintiff,

                        - against -

THE CITY OF NEW YORK, NEW YORK CITY
HEALTH   AND   HOSPITALS   CORPORATION,
HARLEM       HOSPITAL,      DR.     ELISABETH
LESCOUFLAIR, Individually and in her official capacity,
DR. ZANA DOBROSHI, Individually and in her official
capacity, DR. ALAN DUDLEY LABOR, Individually and
in his official capacity, DR. HERMAN ANDERSON,
Individually and in his official capacity, and POLICE
OFFICER SALVADOR DIAZ, Shield No. 21953,
Individually and in his official capacity,,

                                        Defendants.

------------------------------------------------------------------------ x

**ANSWER TO THE SECOND
AMENDED COMPLAINT ON
BEHALF OF DEFENDANTS
CITY OF NEW YORK, ZANA
DOBROSHI, ALAN DUDLEY
LABOR, ELISABETH
LESCOUFLAIR, HERMAN
ANDERSON, AND
SALVADOR DIAZ**

15 Civ. 1832 (VSB)

JURY TRIAL DEMANDED

        Defendants City of New York New York City Health and Hospitals Corporation,

Harlem Hospital, Elisabeth Lescouflair, Zana Dobroshi, Alan Dudley Labor and Salvador Diaz,

by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their

answer to the Complaint, respectfully alleges, upon information and belief, as follows:

        1.      Deny the allegations set forth in paragraph "1" of the complaint, except

admit that plaintiff purports to proceed as stated therein.

        2.      Deny the allegations set forth in paragraph "2" of the complaint, except

admit that plaintiff purports to invoke the jurisdiction as stated therein.

        3.      Deny the allegations set forth in paragraph "3" of the complaint, except

notes there are no allegations contained therein.

4.      Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to invoke the jurisdiction as stated therein.

5.      Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to lay venue as stated therein.

6.      Paragraph "6" states a demand for a jury trial for which no response is required.

7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8.      Deny the allegations set forth in paragraph "8" of the complaint, except states that the City is, and was on September 13, 2014, a municipal corporation incorporated under the laws of the State of New York.

9.      Deny the allegations set forth in paragraph "9" of the complaint, except states that the City of New York maintains the New York City Health and Hospitals Corporation ("NYCHHC"), and respectfully refers the Court and plaintiff to the Laws of the State of New York, the New York City Charter and the Administrative Code for a recitation of the relationship between the City and the NYCHHC.

10.     Deny the allegations set forth in paragraph "10" of the complaint, except states that the City of New York maintains the New York City Police Department ("NYPD"), and respectfully refers the Court and plaintiff to the New York City Charter and the Administrative Code for a recitation of the relationship between the City and the NYPD.

11.     Deny the allegations set forth in paragraph "11" of the complaint, except admit Harlem Hospital is part of NYCHHC.

12.     Deny the allegations set forth in paragraph "12" of the complaint, except admit Salvador Diaz was and is  employed by the New York City Police Department and has the rank of Police Officer.

13.     Deny the allegations set forth in paragraph "13" of the complaint, except admit Dobroshi, Lescouflair, Labor and Anderson were employed by Harlem Hospital, and to the extent this paragraph sets forth legal conclusions, state no response is required.

14.     Deny the allegations set forth in paragraph "14" of the complaint to the extent it alleges fact,  and to the extent it sets forth conclusions of law, state no response is required.

15.     Deny the allegations set forth in paragraph "15" of the complaint, to the extent it alleges fact,  and to the extent it sets forth conclusions of law, state no response is required.

16.     Deny the allegations set forth in paragraph "16" of the complaint, to the extent it alleges fact,  and to the extent it sets forth conclusions of law, state no response is required.

17.     Deny the allegations set forth in paragraph "17" of the complaint.

18.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19.     Deny the allegations set forth in paragraph "19" of the complaint.

20.     Deny the allegations set forth in paragraph "20" of the complaint.

21.     Deny the allegations set forth in paragraph "21" of the complaint.

22.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23.    Deny the allegations set forth in paragraph "23" of the complaint to the extent it alleges facts, and to the extent it sets forth conclusions of law, state no response is required.

24.    Deny the allegations set forth in paragraph "24" of the complaint.

25.    Deny the allegations set forth in paragraph "25" of the complaint.

26.    Deny the allegations set forth in paragraph "26" of the complaint.

27.    Deny the allegations set forth in paragraph "27" of the complaint, except admit plaintiff went to Harlem Hospital.

28.    Deny the allegations set forth in paragraph "28" of the complaint.

29.    Deny the allegations set forth in paragraph "29" of the complaint.

30.    Deny the allegations set forth in paragraph "30" of the complaint, except admit plaintiff was admitted to the hospital.

31.    Deny the allegations set forth in paragraph "31" of the complaint, except admit Dr. Lescouflair was an attending physician involved with plaintiff's treatment.

32.    Deny the allegations set forth in paragraph "32" of the complaint, except admit Dr. Lescouflair, Dr. Dobroshi, and Dr. Labor were involved in plaintiff's mental health treatment.

33.    Deny the allegations set forth in paragraph "33" of the complaint, to the extent it alleges fact,  and to the extent it sets forth conclusions of law, state no response is required.

34.    Deny the allegations set forth in paragraph "34" of the complaint.

35.    Deny the allegations set forth in paragraph "35" of the complaint.

36.    Deny the allegations set forth in paragraph "36" of the complaint.

37.     Deny the allegations set forth in paragraph "37" of the complaint

38.     Deny the allegations set forth in paragraph "38" of the complaint

39.     Deny the allegations set forth in paragraph "39" of the complaint

40.     Deny the allegations set forth in paragraph "40" of the complaint

41.     Deny the allegations set forth in paragraph "41" of the complaint

42.     Deny the allegations set forth in paragraph "42" of the complaint

43.     Deny the allegations set forth in paragraph "43" of the complaint

44.     Deny the allegations set forth in paragraph "44" of the complaint

45.     Deny the allegations set forth in paragraph "45" of the complaint, to the extent it alleges fact,  and to the extent it sets forth conclusions of law, state no response is required.

46.     Deny the allegations set forth in paragraph "46" of the complaint, to the extent it alleges fact,  and to the extent it sets forth conclusions of law, state no response is required.

47.     Deny the allegations set forth in paragraph "47" of the complaint, to the extent it alleges fact,  and to the extent it sets forth conclusions of law, state no response is required.

48.     In response to paragraph "48" of the complaint, defendant repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

49.     Deny the allegations set forth in paragraph "49" of the complaint.

50.     Deny the allegations set forth in paragraph "50" of the complaint.

51.     Deny the allegations set forth in paragraph "51" of the complaint

52.     In response to paragraph "52" of the complaint, defendant repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

53.     Deny the allegations set forth in paragraph "53" of the complaint.

54.     Deny the allegations set forth in paragraph "54" of the complaint.

55.     Deny the allegations set forth in paragraph "55" of the complaint.

56.     Deny the allegations set forth in paragraph "56" of the complaint.

57.     Deny the allegations set forth in paragraph "57" of the complaint.

58.     In response to paragraph "58" of the complaint, defendant repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

59.     Deny the allegations set forth in paragraph "59" of the complaint.

60.     Deny the allegations set forth in paragraph "60" of the complaint.

61.     Deny the allegations set forth in paragraph "61" of the complaint.

62.     Deny the allegations set forth in paragraph "62" of the complaint and all its subparts.

63.     Deny the allegations set forth in paragraph "63" of the complaint and all its subparts.

64.     Deny the allegations set forth in paragraph "64" of the complaint.

65.     Deny the allegations set forth in paragraph "65" of the complaint.

66.     Deny the allegations set forth in paragraph "66" of the complaint.

67.     Deny the allegations set forth in paragraph "67" of the complaint.

68.     Deny the allegations set forth in paragraph "68" of the complaint.

69.     Deny the allegations set forth in paragraph "69" of the complaint.

70.     Deny the allegations set forth in paragraph "70" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

71.  The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

72. Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

73. Any injury alleged to have been sustained resulted from plaintiff' own culpable or negligent conduct or that of a third party and was not the proximate result of any act of defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

74.     There was probable cause to detain plaintiff.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

75.     Plaintiff may have failed to comply with the conditions precedent to suit.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

76.     Plaintiff cannot obtain punitive damages as against the City of New York.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

77.     At all times relevant to the acts alleged in the complaint, defendant City, its agents and officials, acted reasonably, properly, lawfully and in good faith in the exercise of

their discretion. Consequently, defendant City of New York is entitled to governmental immunity.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

78. Harlem Hospital is a non-suable entity.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

79. At all times relevant to the acts alleged in the complaint, defendants Dobroshi, Lescoflair, Labor, Anderson, and Diaz acted reasonably in the proper and lawful exercise of his discretion.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

80. Defendants Dobroshi, Lescoflair, Labor, Anderson, and Diaz have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, is protected by qualified immunity.


**WHEREFORE,** defendants City of New York New York City Health and Hospitals Corporation, Harlem Hospital, Elisabeth Lescouflair, Zana Dobroshi, Alan Dudley Labor, Herman Anderson, and Salvador Diaz request judgment dismissing the Complaint, as against it, with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            November 29, 2016

                              ZACHARY W. CARTER
                              Corporation Counsel of the
                              City of New York
                              *Attorney for Defendants*
                              100 Church Street, Room 3-172
                              New York, New York 10007
                              (212) 356-3538

                         By:  _____/s/_____
                              Joshua J. Lax
                              Senior Counsel


       To:   Jessica Massimi, Esq.
             32 Old Slip, 8th Floor
             New York, New York 10005

15 Civ. 1832 (VSB)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHER DISTRICT OF NEW YORK |
| KAMILAH BROCK,<br><br><div align="right">Plaintiff,</div><br><div align="center">- against -</div><br>THE CITY OF NEW YORK, et. al.,<br><br><div align="right">Defendants.</div> |
| **ANSWER TO THE AMENDED COMPLAINT** |
| ***ZACHARY W. CARTER***<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendant City of New York*<br>*100 Church Street*<br>*New York, N.Y.  10007*<br>*Of Counsel: Joshua J. Lax*<br>*Tel:  (212) 356-3538*<br>*NYCLIS NO.* |
| *Due and timely service is hereby administered.*<br><br>*New York, N.Y.  ........................................ ,2011*<br><br>*.................................................................. Esq.*<br><br>*Attorney for ........................................................* |