UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

KAMILAH BROCK,

|  | **DECLARATION OF JOSHUA J. LAX IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |
|---|---|

Plaintiff,

- against -

15 Civ. 1832 (VSB)

THE CITY OF NEW YORK, NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, HARLEM HOSPITAL, DR. ELISABETH LESCOUFLAIR, Individually and in her official capacity, DR. ZANA DOBROSHI, Individually and in her official capacity, DR. ALAN DUDLEY LABOR, Individually and in his official capacity, DR. HERMAN ANDERSON, Individually and in his official capacity, and POLICE OFFICER SALVADOR DIAZ, Shield No. 21953, Individually and in his official capacity,

Defendants.

------------------------------------------------------------------------ X

**JOSHUA J. LAX**, an attorney duly admitted to practice in the Courts of New York, declares, under penalty of perjury and pursuant to 28 U.S.C. § 1746, states that the following statements are true:

1. I am a Senior Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, attorney for defendants City of New York New York City Health and Hospitals Corporation, Harlem Hospital, Elisabeth Lescouflair, Zana Dobroshi, Alan Dudley Labor and Salvador Diaz.   As such, I am familiar with the facts and circumstances stated herein and submit this declaration in support of defendants' motion for summary judgment pursuant to FED. R. CIV. P. 56.

2.  Annexed hereto as Exhibit "A" is the Civil Docket Sheet in this matter, retrieved January 12, 2017 from the Court's PACER website.

3.  Annexed hereto as Exhibit "B" is a copy of plaintiff's Amended Complaint, filed August 26, 2016.

4.  Annexed hereto as Exhibit "C" are excerpts from the deposition of plaintiff Kamilah Brock, taken November 17, 2015, in which plaintiff testifies about the events that led her to Police Service Area 6 ("PSA 6") on September 13, 2014, provides testimony that corroborates much of the notations in her medical records regarding her statements to doctors at Harlem Hospital.

5.  Annexed hereto as Exhibit "D" is the New York City Police Department ("NYPD") property clerk invoice or voucher that was completed by an officer from the 30th Precinct on September 12, 2014 when plaintiff was asked to leave her car at that precinct to avoid driving while intoxicated on marijuana.

6.  Annexed hereto as Exhibit "E" is the New York City Police Department ("NYPD") property clerk invoice or voucher that was completed by an officer from the 30th Precinct on September 12, 2014 for marijuana found in plaintiff's car.

7.  Annexed hereto as Exhibit "F" is a Complaint/Information No. 4415633195, dates September 12, 2014, otherwise known as a summons, issued to plaintiff for possessing marijuana in her car.

8.  Annexed hereto as Exhibit "G" is a copy of a Certified FDNY Prehospital Care Report Summary, dates September 13, 2014, reflecting that EMTs who responded to the precinct

concluded based on their own examination that plaintiff was exhibiting a behavioral disorder.

9.  Annexed hereto as Exhibit "H" are excerpts of the Deposition of Salvador Diaz, taken February 26, 2016, in which Officer Diaz testified that plaintiff was only detained in PSA 6 until an ambulance arrived.

10. Annexed hereto as Exhibit "I" is a Google Map for Police Service Area 6, retrieved January 12, 2017, showing the location of PSA 6 in relation to the 148th Street Station for the "3" Train.

11. Annexed hereto as Exhibit "J" is a Google Map for Police Service Area 6, retrieved January 12, 2017, showing the location of the 30th Precinct in relation to PSA 6 and to the subway station.

12. Annexed hereto as Exhibit "K" are excerpts of Certified Medical Records from Harlem Hospital for Kamilah Brock, September 13, 2014 through September 22, 2014.  The charts and records for the hospitalization of plaintiff are approximately three hundred and fifty pages long, and contain a number of orders, laboratory results, authorizations, mental hygiene law forms, notes by nurses, doctors, social workers and addiction counselors, and discharge paperwork.

13. Annexed hereto as Exhibit "L" are excerpts from the Deposition of Herman Anderson, taken June 6, 2016, in which he explains the procedures he followed as the attending physician for plaintiff in the emergency room, and the notations he made in plaintiff's charts.

14. Annexed hereto as Exhibit "M" is a copy of Plaintiff's Response to Defendant's First Set of Interrogatories and Requests for the Production of Documents, dated November 2, 2015, where plaintiff states that she did in fact attend one session with a psychiatrist prior to going to Harlem Hospital on September 13, 2014.

15. Annexed hereto as Exhibit "N" are excerpts from the Deposition of Dr. Elisabeth Lescouflair, taken March 10, 2016, in which Dr. Lescouflair explains the bases for plaintiff's treatment, and in particular the fact that plaintiff's risk to herself arises from plaintiff's mood lability and grandiose ideation coupled with plaintiff's description in unsafe and unhealthy activities.

16. Annexed hereto as Exhibit "O" are excerpts from the Deposition of Stacey Ann Brock, taken June 13, 2016 in which she corroborates some notations in the medical records pertaining this witness' meeting doctors, and descriptions of plaintiff's general demeanor and mood.

Dated:     New York, New York
           January 12, 2017

ZACHARY W. CARTER
Corporation Counsel of the
City of New York
*Attorney for Defendants*
100 Church Street, Room 3-172
New York, New York 10007
(212) 356-3538

By:   _____/s/_____

Joshua J. Lax
Assistant Corporation Counsel

TO:    <u>BY ECF</u>
       Jessica Massimi, Esq.
       Law Offices of Michael S. Lamonsoff, PLLC
       32 Old Slip, 8th Floor
       New York, New York 10005